IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RACHEL SHAMS-AVARI,

    Plaintiff,

v.                                            Case No. 14-cv-832 GBW/KK

ALBUQUERQUE POLICE DEPARTMENT,
ANDREW LEHOCKY, and
LARRY SMYTH,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS ALBUQUERQUE POLICE DEPARTMENT

THIS MATTER comes before the Court on Defendant Albuquerque Police Department's Motion to Dismiss. *Doc. 10*. The matter is fully briefed and the Court has determined that a hearing is not necessary. *Docs. 16, 22*. Having considered the matter, the Court will grant the motion.

In the instant motion, Defendant Albuquerque Police Department ("APD") seeks dismissal of all claims against it because it is not a suable entity. It is undisputed that APD is an administrative department of the City of Albuquerque. Administrative departments of municipalities lack legal identities apart from the municipality itself. As such, they are not suable entities, and claims against them are subject to dismissal under Fed. R. Civ. P. 12(b)(2). *See Biehl v. Salina Police Dep't*, 256 F. App'x 212, 215 (10th Cir.

2007) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)); *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381 (10th Cir. 1992); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."); *see also Maxwell v. City of Albuquerque Police Dep't, et al.*, CIV No. 02-0568 LH/LFG; *Louella Gonzales, et al. v. Jackie Morrow, et al.*, CIV No. 93-1216 LG/WWD (D.N.M. Memorandum Opinion and Order filed October 25, 1994); *Gregory Romeo v. City of Albuquerque, et al.*, CIV No. 94-832 JP/LFG (D.N.M. Memorandum Opinion and Order filed October 4, 1994); *Johnny Flores v. City of Albuquerque, et al.*, CIV No. 92-0046 LH/LFG (D.N.M. Memorandum Opinion and Order filed May 28, 1993); *Frank Atencio & Orlando Gabaldon v. City of Albuquerque, et al.*, CIV No. 91-0057 SC (D.N.M. Memorandum Opinion and Order filed August 27, 1991); *Sheryl J. Howard v. City of Albuquerque, et al.*, CIV No. 91-1019 JC/WWD (D.N.M. Memorandum Opinion and Order filed July 12, 1991).

Plaintiff responds that, because her monetary claim is based on state law and not on 42 U.S.C. § 1983, these cases are inapposite. While the above-cited cases generally involve § 1983 claims, Plaintiff presents no case law to support the argument that the logic does not apply equally to state claims. With respect to her injunctive relief claim, Plaintiff argues that, because she is seeking expunction of records, APD is the appropriate defendant. However, Plaintiff is seeking the expunction of both police and court records. Certainly, APD lacks the authority to expunge court documents. And,

even under the statutory authority cited by Plaintiff, the Department of Public Safety – not APD- retains the authority to expunge police records.  In short, APD is not the proper defendant for the requested injunctive relief, even if it were a suable entity.

The Court finds that APD is not a suable entity and therefore must be dismissed under Fed. R. Civ. P. 12(b)(2).  Because such a dismissal is not an adjudication on the merits, the dismissal will be without prejudice.  *See Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 875 (3d Cir. 1944).

WHEREFORE, Defendant Albuquerque Police Department's Motion to Dismiss is GRANTED and all claims against it are hereby DISMISSED without prejudice.[1]

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

---

[1] Should Plaintiff file an Amended Complaint asserting claims against the City of Albuquerque, she should clarify whether her injunctive and declaratory relief claims are brought under state and/or federal law.  Given that Plaintiff avers that Count One is a purely state law claim, the injunctive/declaratory claims are the only possible bases for federal jurisdiction.