IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RACHEL SHAMS-AVARI,**

      **Plaintiff,**

    vs.                                      Civ. No. 14-832  GBW/KK

**CITY OF ALBUQUERQUE;
ANDREW LEHOCKY, in his individual
Capacity; LARRY SMYTH, in his individual
Capacity; and JAMES GEHA, in his
individual capacity,**

      **Defendants.**

### ORDER REGARDING DEFENDANTS' JOINT MOTION TO COMPEL DISCOVERY

**THIS MATTER** came before the Court at a Discovery Hearing on March 25, 2015, regarding Defendants' Joint Motion to Compel Discovery ("Motion"), filed January 26, 2015. (Doc. 39.)  Stephen Lane appeared on behalf of Plaintiff Rachel Shams-Avari.  Kristin Dalton appeared on behalf of Defendants the City of Albuquerque, Larry Smyth and James Geha.  David Roman appeared on behalf of Defendant Andrew Lehocky.  The Court, having reviewed the submissions of the parties and the relevant law, and having heard the arguments of counsel, FINDS that the Motion is well taken in part, and hereby GRANTS the motion in part and DENIES it in part as follows.

### Introduction

Plaintiff's Complaint arises from Defendant LeHocky's investigation of her son while he was a student at Hope Christian School.  (Doc. 31 at 2.)  Based on several allegedly harassing and threatening telephone messages left by Plaintiff on Defendant Lehocky's cell phone during

the course of the investigation, Defendant LeHocky initiated criminal proceedings against Plaintiff. (*Id*. at 5.) A criminal complaint was filed in Metropolitan Court and Plaintiff was compelled to defend the charges. (*Id*.) The charges were ultimately dismissed on a defense motion to dismiss after the State had rested its case. (*Id*. at 6.) Plaintiff's Complaint includes claims for civil rights violations, *Monell* claims, and malicious abuse of process. (*Id*. at 7-9.)

## Initial Disclosures

Defendants move the Court to compel Plaintiff to comply with her obligations to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) and District of New Mexico Local Civil Rule 26.3(d). (Doc. 39 at 6.) First, based on Plaintiff's claim for damages related to counseling she obtained as a result of the underlying criminal proceedings, Defendants seek to compel Plaintiff to include in her supplemental initial disclosures

> the names, addresses and phone numbers of any healthcare provider (mental health included) which the party saw in the five years prior to the occurrence in the complaint, along with medical records and a signed authorization for each healthcare provider.

(*Id.* at 4-6.) In addition to seeking the identity and contact information of Plaintiff's mental health counselor, Defendants provided Plaintiff with a medical records release authorizing the release of counseling records for the period of time articulated in the rule. (*Id.* at 4.) Second, Defendants seek supplemental initial disclosures related to Plaintiff's claim for lost wages in the amount of $3,500.00. (*Id*.) To that end, Defendants provided Plaintiff with an employment records release authorizing the release of employment records for five years prior to the alleged occurrence in the complaint. (*Id.*; Doc. 41 at 4.) Defendants made three attempts to obtain these supplemental initial disclosures, and Plaintiff did not respond to their requests. (Doc. 39 at 4-5.) For this reason, Defendants seek sanctions against Plaintiff. (*Id*. at 6-7.)

Plaintiff asserts that, given the narrow scope of her claimed damages, the requested supplemental disclosures are too broad. (Doc. 40 at 3.) Plaintiff contends that she is only seeking out-of-pocket expenses directly related to counseling sessions she attended during the time she was facing criminal prosecution. (*Id.* at 1-2.) Plaintiff argues that, because she has not pled emotional distress or any other claim for damages resulting from her mental state, Defendants should not be allowed unlimited access to her counseling records for the preceding five years as provided in the requested medical records release. (*Id*. at 3.) Similarly, Plaintiff asserts that she is only seeking lost wages limited to the time she was forced to take off work when she was facing criminal prosecution. (*Id.* at 2.) As such, Plaintiff argues Defendants should not be allowed access to her employment records for the preceding five years as provided in the requested employment records release. (*Id*. at 3.)

## Discussion

### A.    Medical Records Release

Resolution of the medical records release dispute centers on D.N.M.LR-Civ. 26.3(d). That rule states:

> **Required Initial Disclosure.** In all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information that the disclosing party may use to support its claims or defenses, unless solely for impeachment:
>
> (1)    a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date;
>
> (2)    all records of such healthcare providers which are already in that party's possession, which will be made available for inspection and copying by all other parties to the action;

>   (3)   for each healthcare provider, a signed authorization to release medical records form, as set forth in Appendix "A."  Within fourteen (14) days after receiving medical records by use of these authorization forms, a party must make the records available for inspection and copying by all other parties to the action.

D.N.M.LR-Civ. 26.3(d).

Importantly, the rule only requires the enumerated disclosures if a party plans to use the information to support its claims or defenses.  Disclosure is not required merely because a party's "physical or mental medical condition . . . is an issue."  Amendments to Federal Rule of Civil Procedure 26 necessitated this limitation.

In 1993, Rule 26 was amended to require that certain initial disclosures be made without a written discovery request.  *See* Fed. R. Civ. P. 26, Advisory Committee Notes to the 1993 amendments.  The rule required a party to provide the name and contact information "of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings" and "a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody or control of the party that are relevant to disputed facts alleged with particularity in the pleadings."  Fed. R. Civ. P. 26(a)(1)(A), (B) (as amended Oct. 1, 1993).  These disclosures were required "[e]xcept to the extent otherwise stipulated or directed by order or local rule."  *Id*.  Thus, although the rule required fairly broad initial disclosures, it also allowed each district to modify the required disclosures – or even to exempt all cases from the disclosure requirement – by local rule.  *See* Fed. R. Civ. P. 26, Advisory Committee Notes to the 1993 amendments.  This Court opted to require initial disclosures, with some exceptions.  *See* D.N.M.LR-Civ. 26.3 (effective Jan. 1, 1999) ("All provisions of Fed. R. Civ. P. 26 are applicable to actions in this District, unless specifically exempted by local rule.").

Rule 26 was amended again in 2000.  The language allowing the disclosure requirements to be modified by local rule was deleted.  *See* Fed. R. Civ. P. 26(a)(1)(A) & Advisory Committee Notes to the 2000 amendments.  Thus, the amendment eliminated "the authority to alter or opt out of the national disclosure requirements by local rule, invalidating [rules] that purport to create exemptions from – or limit or expand – the disclosure provided under the national rule."  Fed. R. Civ. P. 26, Advisory Committee Notes to the 2000 amendments.  This was done "to establish a nationally uniform practice."  *Id.*  Furthermore, the scope of the required initial disclosures was "narrowed to cover only information that the disclosing party may use to support its position."  *Id.*  This was accomplished by limiting the disclosure of individuals and documents to those that the party "may use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(i), (ii); *see Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 953-54 (10th Cir. 2004) (explaining that under the 2000 amendments a party is not obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use), *abrogated on other grounds by Unitherm Food Sys. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006).  In 2001, this Court amended its local rule to add the "may use to support its claims or defenses" language.  *See* D.N.M.LR-Civ. 26.3(d) (effective July 31, 2001).

Here, Defendants assert that because Plaintiff is claiming emotional damages, even if only for out-of-pocket expenses related to her emotional stress, she has placed her mental condition at issue and *must* produce information pursuant to D.N.M.LR-Civ. 26.3(d).  Plaintiff argues that because her emotional damages are so narrowly limited, the required initial disclosure pursuant to D.N.M.LR-Civ. 26.3(d) does not apply at all.  Resolution of these positions is found by understanding the historical context of and amendment to the local rule.  Local Civil Rule 26.3(d) now contains a two-part requirement.  Prior to its 2001 amendment, if a

plaintiff placed her mental condition at issue, she would have been required to produce as part of her initial disclosures *all* of the information Defendants seek. However, the 2001 amendment added a second part to the inquiry of whether disclosure is required. Now, a party must only produce those records it may rely on and use to support its claims or defenses. Thus, Plaintiff need only produce those mental health records she may rely on and use to support her claims for out-of-pocket expenses. Because Plaintiff seeks reimbursement for a certain number of counseling services for a particular period of time, Plaintiff has, in fact, placed at least those records at issue and is planning to rely on them to support her claim for out-of-pocket expenses. Plaintiff conceded this at the hearing. (Hrg. Rec. at 20:25-21:30.[1]) As such, Plaintiff has an obligation as part of her required initial disclosures pursuant to D.N.M.LR-Civ. 26.3(d) to produce the identity and contact information of the mental health counselor for whose services she seeks reimbursement, any records of such services already in her possession, and a signed medical records release form for all records regarding such services. The Court therefore compels Plaintiff to produce the identity and contact information of the mental health counselor for whose services she seeks reimbursement, any records of such services already in her possession, and a signed medical records release form for all records regarding such services.

### B. Employment Records Release

Resolution of the employment records release dispute centers on Fed. R. Civ. P. 26(a). That rule states in pertinent part:

**(a)     Required Disclosures.**

    **(1)     *Initial Disclosure.***

        **(A)     *In General*.** Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must,

---

[1] References to "Hrg. Rec." are to the Liberty System recording of the discovery hearing numbered ABQ-Cimarron_20150325_085603.dcr.

>    without awaiting a discovery request, provide to the other parties:
>
>    (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
>    (ii) a copy - or a description by category and location – of all documents, electronically stored information, and tangible things that *the disclosing party has in its possession, custody, or control* and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
>    (iii) a computation of each category of damages claimed by the disclosing party – *who must also make available for inspection and copying* as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Fed. R. Civ. P. 26(a)(1)(A)(i)-(iii) (emphasis added).

Plaintiff argues that she has limited her damages for lost wages to reimbursement for the days she was required to miss work to attend court hearings or attorney appointments during the pendency of the underlying criminal matter. (Doc. 40 at 2.) Plaintiff therefore contends that she should not have to produce an employment records release for all of her employment records for the preceding five years. (*Id*.) To support her lost wages claim, Plaintiff represented at the hearing that she produced the entire metropolitan court file which includes notices of hearings to substantiate the dates she was in court. (Hrg. Rec. at 34:03-34:17.) Beyond this evidentiary support, Plaintiff represented that her computation for lost wages is based solely on her

recollection, and that she did not base her computation on any pay stubs or employment records in her possession. (*Id.*; Hrg. Rec.at 33:30, 44:48-45:04, 46:28.)

The Court finds that Plaintiff's required initial disclosures fall short of Rule 26(a)'s requirements. Rule 26(a) requires a disclosing party to provide copies of any documents that are in its possession, custody or control to support a claim, and to make available for inspection and copying evidentiary material on which its damages computation is based. Thus, although Plaintiff does not have employment records in her possession to support her claim for lost wages, she does have control over them, and Rule 26(a) requires that she make them available for inspection and copying to the extent that her damages computation is based on them. The Court will therefore compel Plaintiff to produce a signed employment records release to make available for inspection and copying the employment records upon which Plaintiff may rely to support her lost wages claim.

### C. Sanctions

Finally, Defendants move this Court to issue sanctions against Plaintiff pursuant to Fed. R. Civ. P. 37(a)-(c) for her failure to comply with her initial disclosure obligations. (Doc. 39 at 7.) In the present matter, because the Court finds that D.N.M.LR-Civ. 26.3 is not a model of clarity and there is confusion amongst litigants about the requirements contained therein, the Court is not inclined to impose any sanctions at this time. However, Defendants retain the right to ask the trial judge to limit the use of any information at trial that Plaintiff has failed to disclose. The Court will therefore deny Defendants' request for sanctions.

**Conclusion**

In summary, the Court orders as follows. Plaintiff is ordered to produce as part of her required initial disclosures pursuant to Local Civil Rule 26.3(d) the identity and contact information of the mental health counselor for whose services she seeks reimbursement, any records of such services already in her possession, and a signed medical records release form for all records regarding such services. Plaintiff will produce this information and the signed medical records release by the close of business on Thursday, March 26, 2015. Plaintiff is also ordered to produce as part of her required initial disclosures pursuant to Fed. R. Civ. P. 26(a) a signed employment records release to make available for inspection and copying the employment records upon which Plaintiff may rely to support her lost wages claim. Plaintiff will produce the signed employment records release to Defendants by the close of business on Thursday, March 26, 2015. Lastly, given the good faith confusion regarding the requirements of Local Civil Rule 26.3(d), the Court denies Defendants' request for sanctions.

As a final note, the Court's rulings with respect to Defendants' Motion and with regard to Plaintiff's initial disclosures do not relieve or limit any party of its obligations or requirements to produce relevant material in response to written discovery requests, which are governed by a separate standard.

**IT IS SO ORDERED.**

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**